```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 1/28/2022
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X
MARY HEINRICH, AS EXECUTOR OF THE :
ESTATE OF CATHERINE BUTLER A/K/A :
CATHERINE BUTLER MUZIO A/K/A :
CATHERINE T. BUTLER MUZIO; MARY :
HEINRICH, AS TRUSTEE FOR THE : 21-CV-10657 (VEC)
CATHERINE BUTLER MUZIO LIVING :
TRUST; MARY HEINRICH, AS TRUSTEE : AMENDED
FOR THE LEONARD MUZIO LIVING : TEMPORARY
TRUST; and MAY HEINRICH, IN HER : RESTRAINING ORDER
INDIVIDUAL CAPACITY, :
                                     Plaintiffs, :
             -against- :
:
MALAYENE DEAN, CHARLES YASSIM :
A/K/A CHARLES YASSIN, MORGAN :
STANLEY BARNEY, LLC, HORACE M. :
BARKER, CITIBANK N.A. and JOHN DOES 1- :
10, :
:
                                     Defendants. :
-------------------------------------------------------------- X

VALERIE CAPRONI, United States District Judge:

      Upon considering information provided orally during an ex parte conference on January 24, 2022 and a show cause hearing on January 28, 2022, and upon reading and filing the accompanying Emergency Declaration of Ted G. Semaya, Esq., Declaration of Mary Henrich, Declaration of Eric J. Lanter, Esq., Memorandum of Law in Support of Plaintiff's Motion for an Order of Attachment and Preliminary Injunction (with Temporary Restraining Order), and Summons and Complaint, with exhibits (the "Complaint"), setting forth all relevant facts required by law, from which Plaintiffs Mary Heinrich, as Trustee for the Catherine Butler Muzio Living Trust, (the "Catherine Trust"); as Trustee for the Leonard Muzio Living Trust (the "Leonard Trust") (said Trusts referred to hereinafter collectively as the "Trusts"); as Executor for the Estate of Catherine Butler (a/k/a Catherine

Butler Muzio a/k/a Catherine T. Butler Muzio) (the "Estate" or the "Butler Estate"), and Mary Heinrich in her individual capacity, by their attorneys, ("Plaintiffs"), allege that:

(a) the Enterprise Defendants (defined as Defendants Malayene Dean and Charles Yassim a/k/a Charles Yassin) comprise a criminal enterprise that has victimized Plaintiffs through, *inter alia*, a years-long fraud scheme to steal over $1,000,000 from decedent Catherine Muzio, Muzio's Estate, and two Trusts (the Catherine Butler Muzio Living Trust and the Leonard Muzio Living Trust);

(b) the Enterprise Defendants exploited Mrs. Muzio during the last six years of her life during which she was elderly, increasingly incapacitated by dementia, and eventually completely incapacitated;

(c) the Enterprise Defendants used Mrs. Muzio's Citibank checking account as their personal piggy bank, wrongfully transferring into the checking account the proceeds of other accounts that Mrs. Muzio owned which they wrongfully closed and of other assets of Mrs. Muzio over which they wrongfully obtained control and then liquidated and then drawing funds from the checking account to themselves;

(d) the Enterprise Defendants arranged for electronic access to the Trusts' bank accounts by fraudulently insinuating Defendant Yassim as an authorized agent for the Trusts' Morgan Stanley accounts and Mrs. Muzio's Discover and American Express credit card accounts;

(e) the Enterprise Defendants used Mrs. Muzio's credit cards to make purchases for themselves totaling $144,979.44—including but not limited to purchases made when Mrs. Muzio had dementia and was incapacitated—and the Enterprise Defendants then intercepted the credit card invoices and used Mrs. Muzio's Citibank checking account funds to pay the charges;

(f) the Enterprise Defendants withdrew over $590,000 from the Trust accounts between 2014 and 2020—with sixteen withdrawals from the Catherine Trust totaling $457,400 and four withdrawals from the Leonard Trust totaling $135,600—and converted the funds for their own use and benefit;

(g) the Enterprise Defendants, upon information and belief, surrendered and cashed in an SBLI life insurance policy totaling $52,198.21 for which Mrs. Muzio's late husband, Leonard Muzio, was the beneficiary and converted the proceeds for their own use and benefit;

(h) the Enterprise Defendants terminated an annuity contract with Allstate totaling $42,816.69 in which Mrs. Muzio was the annuitant and owner and had the annuity proceeds transferred to her Citibank checking account from which they converted property for their own use and benefit;

(i)      the Enterprise Defendants withdrew $50,000 from a Citibank savings account owned by Mrs. Muzio in trust for Plaintiff Mary Heinrich, in February 2021, and deposited the proceeds into Mrs. Muzio's Citibank checking account from which they converted property for their own use and benefit;

(j)      the Enterprise Defendants closed three Apple Bank accounts from 2014 to 2015, withdrawing over $180,000 and depositing the funds into Mrs. Muzio's Citibank savings account from which they converted property for their own use and benefit;

(k)      the Enterprise Defendants caused two checks totaling more than $45,000 to be written from Mrs. Muzio's Santander bank account and deposited the funds into Mrs. Muzio's Citibank checking account from which they converted property for their own use and benefit;

(l)      the Enterprise Defendants caused a $53,858.49 check from Mrs. Muzio's Capital One bank account to be deposited into her Citibank checking account;

(m)      the Enterprise Defendants caused the proceeds of a U.S. Treasury Bond in the amount of $10,000 to be deposited in Mrs. Muzio's Citibank checking account from which they converted property for their own use and benefit; and

(n)      the Enterprise Defendants interfered with the sale of Mrs. Muzio's house, owned by the Catherine Trust, after Mrs. Muzio's death, by scaring off buyers whose offer to purchase the house had been accepted by the Catherine Trust for a higher price than the Trust was thereafter able to obtain, through menacing behavior and false statements regarding the condition of the real property for sale.

**IT IS HEREBY ORDERED** that sufficient cause having been shown pursuant to the provisions of FRCP 65, pending the hearing of this application, Defendant Malayene Dean, her agents, representatives, assigns and all those acting in concert with her or on her behalf, are hereby enjoined, prohibited and restrained, as follows:

(a)      from transferring, assigning, selling, conveying or otherwise disposing of any interest in any and all property in which Malayene Dean has an ownership interest (including, without limitations, Malayene Dean's real property) in an amount up to $3,000,000, except that Malayene Dean may pay reasonable and necessary legal fees not to exceed $25,000 and reasonable and necessary living expenses not to exceed $10,000;

(b)     from destroying, erasing, mutilating, concealing, altering, transferring or otherwise disposing of, in any manner, any of the books and records, including, without limitation, Malayene Dean's books, records, bank statements, computer software, programs or other computerized records, or other documents of any kind in her possession, custody or control.

**SO ORDERED.**

Date: **January 28, 2022**
       **New York, New York**
       **4:07 p.m.**

                                     **VALERIE CAPRONI**
                                     **United States District Judge**